UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. 08-00616 (SRC) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| JOSEPH FERRIERO | : | |
| | : | |
| | : | |
| | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the Motion to Vacate and Enter Order of Dismissal by Defendant Joseph A. Ferriero ("Defendant") [docket item #125], Motion for New Trial, Motion to Set Aside Judgment and Motion for Acquittal filed by Defendant [docket item #96], Motion for Acquittal and Motion for New Trial filed by Defendant [docket item #111] and Motion for Disclosure filed by Defendant [docket item #113]. This Court has considered the submissions by the parties in connection with these motions; and for the reasons discussed at the oral argument held on July 29, 2010; and

**IT APPEARING** that on October 22, 2009, a jury returned a verdict of guilty on one count of conspiracy to defraud the Borough of Bergenfield (the "Borough") and its citizens of honest services (Count 1) and two counts of mail fraud (Counts 2 & 5) against Defendant and issued a verdict acquitting Defendant on five counts of mail fraud (Counts 3, 4, 6, 7 & 8); and it further

**APPEARING** that Defendant was convicted on Counts 1, 2 & 5 of the indictment, charging that Defendant used the United States mails for the purpose of executing a scheme and artifice to defraud the Borough and its citizens of money and property and of the right to the

honest services of the Borough's attorney Dennis Oury, through the concealment of Oury's role as a principal in a company which contracts with the Borough; and it further

**APPEARING** that the jury's response to special interrogatories propounded after the return of the general verdict indicates that the jury based its verdict upon a finding that Defendant had participated in a scheme to defraud the Borough of the honest services of Dennis Oury, but that Defendant had not participated in a scheme to defraud the Borough of money or property; and it further

**APPEARING** that on June 24, 2010, the United States Supreme Court held in <u>Skilling v. United States</u>, 130 S. Ct. 2896, No. 08-1394, 2010 U.S. LEXIS 5259 (U.S. June 24, 2010) that a viable mail fraud indictment charging a scheme to defraud of honest services required allegations of bribery or kickbacks, and could not be based upon mere non-disclosure of a conflict of interest; and it further

**APPEARING** that Defendant's conviction for participating in a scheme to defraud the Borough of its employee's honest services was not predicated upon an Indictment that alleged bribery or kickbacks; therefore

**IT IS** on this 30th day of July, 2010,

**ORDERED** that the Motion to Vacate and Enter Order of Dismissal of Counts One, Two and Five by Defendant Joseph A. Ferriero [docket item #125] be and hereby is **GRANTED**; and it is further

**ORDERED** that the Motion for New Trial, Motion to Set Aside Judgment and Motion for Acquittal filed by Defendant [docket item #96] be and hereby is **DISMISSED** as **MOOT**; and it is further

**ORDERED** that the Motion for Acquittal and Motion for New Trial filed by Defendant

[docket item #111] be and hereby is **DISMISSED** as **MOOT**; and it is further

      **ORDERED** that the Motion for Disclosure filed by Defendant [docket item #113] be and hereby is **DISMISSED** as **MOOT**; and it is further

      **ORDERED** that bail be and hereby is exonerated and that Defendant's passport shall be returned to him.

          s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge